IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHANNON TUGLE,                              )
                                            )
        Plaintiff,                          )
                                            )
vs.                                         )   CIVIL NO. 10-849-GPM
                                            )
OFFICER ANTWAN STITH and VILLAGE            )
OF WASHINGTON PARK, ILLINOIS,               )
                                            )
        Defendants.                         )

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter comes before the Court on Defendants' motion to dismiss Plaintiff Shannon Tugle's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 4). Ms. Tugle filed this 42 U.S.C. § 1983 action against Officer Antwan Stith, individually, and Officer Stith's employer, Village of Washington Park ("the Village"). Ms. Tugle claims that Officer Stith violated her Fourth and Eighth Amendment rights when he arrested, handcuffed, used a taser on her, harassed, and threatened her without provocation. She also claims that the customs, policies, and practices maintained by the Village violated her Fourth and Eighth Amendment rights, and that the conduct of both Officer Stith and the Village was willful and wanton. Upon review, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic Corp. V. Twombly,* 550 U.S. 544, 570

(2007). Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility." *Iqbal,* 129 S.Ct. at 1949. While "[s]pecific facts are not necessary," the pleaded facts must "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007). The Seventh Circuit has succinctly elucidated post-*Twombly* pleading standards:

> So, what do we take away from *Twombly, Erickson,* and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). It is, therefore, "not enough to give a threadbare recitation of the elements of a claim without factual support." *Bissessur v. Indiana Univ. Bd. Of Trs.,* 581 F.3d 599, 603 (7th Cir. 2009).

In her response, Ms. Tugle admits that her Eighth Amendment claims are insufficiently plead (Doc. 6). Therefore, Defendants' motion is GRANTED as to all Eighth Amendment claims against Officer Stith and the Village. Ms. Tugle's Eighth Amendment claims are dismissed. However, Ms. Tugle's remaining claims (Fourth Amendment and willful and wanton claims against both Officer Stith and the Village) contain sufficient facts to state a plausible claim for relief.

Ms. Tugle's Fourth Amendment claim against Officer Stith is for illegal arrest and excessive force. In support of this claim, Ms. Tugle states that on July 12, 2010, police arrived at her sister's home in response to an assault complaint, and–though Ms. Tugle was only a bystander–she was arrested, handcuffed, 'thrown' in the back of a police car, tasered while handcuffed, unjustifiably

charged, and subsequently "harassed" by Officer Stith. The facts of the complaint sufficiently outline the claim that Officer Stith arrested Ms. Tugle without probable cause, used excessive physical force to restrain her, and was indifferent to her safety. *See Chapman v. Keltner,* 241 F.3d 842, 847 (7th Cir. 2001).

Defendants' Rule 12(b)(6) objection seeks to strike from the complaint the allegation that "following this incident, Officer Stith has continually harassed, threatened and violated the Plaintiff's constitutional rights with regularity." Defendants are correct that, without more, these allegations would fail to adequately state an autonomous § 1983 claim. However, the Court reads these allegations as allusion to further facts that will support the illegal seizure/excessive force Fourth Amendment claims resulting from the July 12, 2010 incident. Ms. Tugle has alleged harassing, threatening, and Constitutionally violative behavior as part of her sufficiently plead Fourth Amendment claim against Officer Stith. Additional factual allegations, while themselves unspecific, do not void her entire claim for ambiguity. Defendants' motion to dismiss Ms. Tugle's Fourth Amendment and willful and wanton claims against Officer Stith is DENIED.

Defendants also argue that Ms. Tugle fails to sufficiently plead a § 1983 claim against the Village because she "failed to allege any express policy" that caused the Constitutional violation (Doc. 4). Defendants are correct that municipal liability for a § 1983 claim cannot be based on respondeat superior, but must arise from a claim of municipal policy or custom.[1] *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 694 (1978), *see also Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006) ( "To state a claim against a

---

[1] Although in order for a municipality to be liable under *Monell,* there must be an underlying Constitutional violation by a municipal employee. *Sallenger v. City of Springfield, Ill.,* 630 F.3d 499, 504 (7th Cir. 2010).

municipality under § 1983, a plaintiff must identify a municipal policy or custom that caused the injury."). However, "[a] plaintiff's complaint in a § 1983 municipal liability claim need not meet any heightened pleading standard." *Latuszkin v. City of Chicago,* 250 F.3d 502, 504 (7th Cir. 2001). If plaintiff alleges "(1) an express municipal policy; (2) a widespread practice constituting custom or usage; or (3) a constitutional injury caused or ratified by a person with final policymaking authority," then plaintiff has plead a claim under which the municipality may be liable. *Darchak v. City of Chicago Bd. of Educ.,* 580 F.3d 622, 629 (7th Cir. 2009), *citing Simmons v. Chi. Bd. of Educ.,* 289 F.3d 488, 494 (7th Cir. 2002). Here, Ms. Tugle alleges that the Village "had customs, policies, and practices that violated the [Fourth Amendment] rights of its arrestees" including, *inter alia,* failure to "properly train, investigate, discipline, and/or fire Officer Stith" (Doc. 2-2). This is sufficient to survive Defendants' Rule 12(b)(6) challenge. Additionally, Ms. Tugle's allegation that the Village acted intentionally or with reckless disregard for her health when it promulgated said policies sufficiently pleads a willful and wanton claim.

The Defendants' motion to dismiss is GRANTED as to the Eighth Amendment claims in Plaintiff Shannon Tugle's complaint, but is otherwise DENIED.

**IT IS SO ORDERED.**

DATED: April 28, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge